FILED
MAY 1 0 2006
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

TODD CONSTRUCTION CO., INC., )
)
Plaintiff, )
)
v. ) No. 06-381 C
)
THE UNITED STATES OF AMERICA )
*ex rel* DEPARTMENT OF THE ARMY, )
)
Defendant. )

**COMPLAINT**

Plaintiff, Todd Construction Co., Inc. ("Todd"), for its action against defendant, The United States of America *ex rel* Department of the Army ("USA"), alleges and states as follows:

1. Todd is an Oklahoma corporation with its principal place of business in Oklahoma County, Oklahoma.

2. On September 28, 2003, Todd was awarded an IDIQ contract to perform certain work for the USA at Seymour Johnson AFB, North Carolina.

3. On that same day (September 28), the USA issued Task Order No. 0001 to Todd to construct an addition to Building 4743, otherwise known as the PDF Building. The Task Order was in the original amount of $634,026.05.

4. A notice to proceed was issued to and acknowledged by Todd on June 15, 2004.

5. On March 17, 2005, Todd submitted a claim to the USA in the amount of $30,588, representing the cost of providing telescoping bleachers which were omitted from the contract specifications and omitted or inadequately depicted on the contract drawings. Todd also sought an extension in the contract completion date of 105 calendar days.

6. On May 16, 2005, the USA's contracting officer issued a final decision denying Todd's claim. The final decision was received by Todd on June 17, 2005. (A copy of the final decision is attached.)

7. This action is brought by Todd pursuant to 28 U.S.C. §1491(a)(1) and 28 U.S.C. §1494.

8. Based upon the doctrine announced by the United States Supreme Court in *U.S. v. Spearin*, 248 U.S. 132 (1918), applicable provisions of the Federal Acquisition Regulations ("FAR") and past decisions of this Court, Todd is entitled to recover from the USA the principal amount of $30,588, a time extension in the amount of 105 calendar days, and its extended performance costs (field and home office overhead) associated with the USA-caused delay.

WHEREFORE, Todd Construction Co., Inc., demands judgment against the United States of America *ex rel* Department of the Army, for its direct costs in the principal amount of $30,588, for extended performance costs in excess of $10,000 resulting from excusable delays, for a declaratory ruling that it is entitled to a time extension of 105 calendar days, and for such other relief as this Court deems proper, including interest, costs and attorneys' fees.

Robert L. Magrini, OBA #12385
Hayes Magrini & Gatewood
1220 North Walker (73103)
Post Office Box 60140
Oklahoma City, Oklahoma 73146-0140
Phone: (405) 235-9922
Fax: (405) 235-6611
Attorneys for Plaintiff, Todd Construction Co., Inc.

todd.gen\todd complaint

RECEIVED

JUN 17 2005

**DEPARTMENT OF THE ARMY**
SAVANNAH DISTRICT, CORPS OF ENGINEERS
P.O. BOX 889
SAVANNAH, GEORGIA 31402-0889

REPLY TO
ATTENTION OF:
Office of Counsel

May 16, 2005

Todd Construction Company, Inc.
Post Office Box 795
Spring Lake, NC 28390

Attention: Tom LaGalle, Senior Project Manager

SUBJECT: Contract No. DACA21-03-D-0021, Task Order #0001, IDIQ Contract to Construct an Addition to Building 4743, Seymour Johnson AFB, NC, **Telescoping Bleachers Claim**

Dear Mr. LaGalle:

This decision arises out of Contract No. DACA21-03-D-0021, Task Order #0001, IDIQ Contract to Construct an Addition to Building 4743, Seymour Johnson AFB, NC. The contract was awarded to Todd Construction Co., Inc. ("Todd") on September 28, 2003 and the first Task Order was awarded concurrently with the contract. The scope of work for Task Order #0001 consists of construction of an addition to building 4743 which is a personnel deployment facility. The work includes, but is not limited to site demolition, grading, excavation and building construction including mechanical and electrical systems. The Task Order was awarded on September 28, 2003 in the amount of $634,026.05 (Tab 3).[1] Notice to proceed was issued and acknowledged on June 16, 2004 (Tab 5).

By letter dated March 17, 2005 Todd submitted a claim for a sum certain amount of $30,588.00 to provide Telescoping Stands (Tab 6). Todd alleges that the Government should issue a modification to the contract because: 1) the original specifications omitted section

12760,"Telescoping Stands"; 2) for not having enough information on the drawings to be able to estimate the cost; and 3) for 105 calendar days from the current completion date or from the time of the executed modification, whichever has the longer duration.

Mr. Tom LaGalle met with me and other Government representatives at the Savannah District on May 5, 2005. The purpose of the meeting was to allow Todd to present additional information for consideration in connection with the claim.

I have fully reviewed Todd's claim submission and correspondence, information from the meeting referenced above and the contract drawings and specifications. As explained more fully herein, I have concluded that the claim for the cost of telescoping stands is without merit and must be denied.

**FINDINGS OF FACT**

1. The contract was awarded to Todd Construction Co., Inc. ("Todd") on September 28, 2003 and the first Task Order was awarded concurrently with the contract (Tabs 3 and 4). The scope of work for Task Order #0001 consists of construction of an addition to building 4743 which is a personnel deployment facility.

2. Notice to proceed was issued and acknowledged on June 15, 2004 (Tab 5).

3. Contract clause 52.236-21 reads, in part, "Anything mentioned in the specifications and not shown on the drawings, or shown on the drawings and not mentioned in the specifications, shall be of like effect as if shown or mentioned in both." (Tab 3.)

4. Contract Drawing A1, Sheet 5 of 18 entitled "Floor Plan" shows the location of Bleachers including the capacity, the number of seats and rows and the location of mounted handrails (Tab 7).

---

[1] Tabs are referenced for a potential appeal file, with the first two Tabs reserved for the Notice of Appeal and the Contracting Officer's Decision. Copies of the Tabs are not attached to this decision.

5. Contract Drawing A3, Sheet 7 of 18 entitled "Sections & Details" includes a detail for bleachers (Tab 7).

6. The table of contents for the Specification Sections includes Division 12, Furnishings. This division includes section 12760 entitled "Telescoping Stands." (Tab 4.)

7. The Schedule of Material Submittals included in Task Order #0001 includes requirements for submittals for Telescoping Stands (Tab 4).

## ANALYSIS AND CONCLUSIONS

The bleachers unequivocally are a contract requirement because they are shown on the contract drawings and there is no indication that the bleachers will be provided by others or that they are shown for reference only. The contract drawings provide the overall dimensions of the bleachers; the bleachers capacity; the number of seats; and the number of rows, which is sufficient information to estimate a cost for industry standard bleachers.

Notwithstanding the omission of the bleachers section in the original specifications, the specification section was listed in the Table of Contents and was also included in the submittal register provided to the contractor. Contract clause 52.236-21 (a) reads, in part, "Anything mentioned in the specifications and not shown on the drawings, or shown on the drawings and not mentioned in the specifications, shall be of like effect as if shown or mentioned in both."

Leaving the cost of that work out of the bid for this work may have made Todd's subcontract price more competitive, but it was a risk that Todd chose to take rather than notify the Government of the specification section omission.

Because the specification section containing the requirement for telescoping bleachers was not part of the contract, I find you are required to provide the bleachers as described in the drawings but are not required to provide telescoping bleachers. Accordingly, you are directed to

provide fixed bleachers as described in the drawings and consistent with prevalent industry standard bleachers. Your prompt action is anticipated and appreciated.

**CONCLUSIONS**

This is the final decision of the Contracting Officer in this matter. This decision may be appealed to the Armed Services Board of Contract Appeals, Skyline Six, 5109 Leesburg Pike, 7th Floor, Falls Church, VA 22041-3208. If you decide to appeal, you must mail or otherwise furnish written notice to the Armed Services Board of Contract Appeals within 90 days from the date you receive this decision. A copy thereof shall be furnished to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended and identify the contract by number. The notice shall also include a copy of this decision. With regard to appeals to the Armed Services Board of Contract Appeals, you may, solely at your election, proceed under the Board's small claims procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the Armed Services Board of Contract Appeals, you may bring an action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

Sincerely,

Julie A. Anderson

Julie A. Anderson
Contracting Officer

**DEPARTMENT OF THE ARMY**
U.S. ARMY CORPS OF ENGINEERS, SAVANNAH DISTRICT
100 W. OGLETHORPE AVENUE
P.O. BOX 889
SAVANNAH, GA. 31402-0889
**OFFICIAL BUSINESS**

7003 3110 0000 7945 3021

Tom LaGalle Senior Project Manager
Todd Construction Company, Inc.
Post Office Box 795
Spring Lake, NC 28390

28390+0795 08

5/20/05
6/15
6/22

SPRING LAKE PO
SPRING LAKE, North Carolina
283903819
3613950390-0098
06/17/2005 (910)497-0113 03:33:38 PM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
| --- | --- | --- | --- |
| Mail Pickup | | Delivered | |

Label # 70033110000079453021
# of Mail Pieces : 1
Mail Pickup Date:06/17/2005 03:32 PM

Total: $0.00

Paid by:

Bill#: 1000200623139
Clerk: 06

— All sales final on stamps and postage. —
Refunds for guaranteed services only.
Thank you for your business.
Customer Copy