IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TODD CONSTRUCTION CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-381C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

1. On March 17, 2005, Todd submitted an "unsolicited proposal" to the Government during contract performance in which it sought additional time and money for the installation of bleachers required under the contract. App. 16.[1]

2. The contracting officer treated this proposal as a claim pursuant to the Contract Disputes Act, and initially denied the claim, but also allowed Todd to submit additional information to support its claim. App. 26.

3. The parties then conducted a conference by telephone on May 5, 2005, and Todd presented additional information. App. 27.

4. On May 16, 2005, the contracting officer denied Todd's claim. App. 29-32; see also dated copy attached to Todd's May 10, 2006 Complaint.

5. The contracting officer reasoned that the requirement to construct bleachers was clearly provided for in the contract specifications and drawings, though she found that Todd was not required to install "telescoping" bleachers, which were not provided for by the drawings. App. 31-32.

6. The United States Army Corps of Engineers ("COE") awarded Contract No.

---

[1] "App. ___" refers to the appendix filed with our Motion for Summary Judgment.

DACA21-03-D-0021 (Solicitation No. DACA21-03-R-0064-001) to Todd on September 28, 2003. App. 2.

7. The scope of work for the contract encompassed various construction projects on the Seymour Johnson Air Force Base in Goldsboro, North Carolina, including project number VKAG 99-1137, which involved the construction of an addition to a personnel deployment facility ("PDF Addition"). App. 8-10.

8. The notice to proceed for the PDF Addition was issued and received on June 16, 2004. App. 11.

9. At a weekly meeting between COE and Todd in early 2005, while construction of the PDF Addition was underway, COE asked Todd when certain bleachers would be installed in the building. App. 34.

10. The parties then realized that COE had inadvertently omitted the specifications for the bleachers from the initial specifications package. App. 34; App. 37.

11. Following up on this meeting, on February 9, 2005, COE provided Todd with the specifications and requested that Todd provide submittals for the bleachers as soon as possible. App. 37-41.

12. COE reiterated its request for submittals by letter on February 24, 2005. App. 42.

13. In response to COE's request for submittals, Todd provided an "unsolicited proposal" for the bleachers on March 17, 2005. App. 16-24.

14. Todd proposed to charge COE $30,588 for the bleachers. App. 17.

15. In the cover letter to its proposal, Todd also advised COE that installing the bleachers would add 105 days to the project's schedule. App. 16.

16. Todd asserted that COE "should issue a modification to the contract due to the original specifications omitting this section and for not having enough information on the drawings to be able to estimate this cost." App. 16.

17. Todd eventually installed wood telescoping bleachers. App. 47

18. The table of contents to the contract specifications contained a subheading for "Telescoping Stands." App. 96.

19. The schedule of material submittals contained four line items related to telescoping stands. App. 372.

20. Four of the drawing sheets for the building refer to bleachers. App. 376A-B; App. 377A-B; App. 378A-B; App. 379A-B.

21. Floor plan Drawing A1 specifies the capacity of the bleachers, 230 seats, and the width of the bleacher section. App. 376A.

22. Section and detail Drawing A3 shows the number of rows and the height of the bleacher section. App. 377B.

23. Plumbing floor plans that also refer to the bleachers. App. 378A; App. 379A.

24. The solicitation for the PDF Addition contained standard clause 52.236-21, Specifications and Drawings for Construction, which provided that "[a]nything mentioned in the specifications and not shown on the drawings, or shown on the drawings and not mentioned in the specifications, shall be of like effect as if shown or mentioned in both." App. 540.

25. Standard clause 52.236-21 also specified that "[i]n case of discrepancy in the figures, in the drawings, or in the specifications, the matter shall be promptly submitted to the Contracting Officer, who shall promptly make a determination in writing," specifying that "[a]ny

adjustment by the Contractor without such a determination shall be at its own risk and expense." App. 540.

26. Todd's contract pricing documents reflect that Todd was aware of the bleacher requirement and included bleachers in its price estimate. App. 52; App. 79-81.

27. In its initial proposal, Todd provided COE with a breakdown of its costs for the PDF Addition. App. 52.

28. Todd's breakdown of costs includes a line item titled "Metal Bdg. & Specialities, Complete," which lists a price of $88,832. App. 52.

29. One of Todd's pricing documents, a "CostWorks 2003" estimate, contains a sublist titled "Specialties, Complete." App. 81.

30. The "Specialties, Complete" sublist contains a line item for "Grandstands, perm, municipal, incl fndtn, cmpst, st, wd&plstc, stk dsgn, max," with a quantity of 230 listed — which corresponds with the seat quantity specified in the drawings — and the "Unit" listed as "Seat." App. 81; App. 376A.

31. The total price for this line item is listed at $35,420. App. 81.

32. Todd presented its final request for payment to COE on February 28, 2006. App. 84.

33. With its final request for payment, Todd also submitted a release of claims, signed by Todd's Vice President, J. Dube Putz. App. 90.

34. The release signed by Mr. Putz provided:

> The undersigned contractor, under above numbered contract, between the United States of America and said contractor, in accordance with paragraph (f) of the "Payments under Fixed-Price Construction Contracts" clause of said contract and upon acceptance of the final payment hereunder, hereby releases the United States, Officers, Agents, and employees from any and all claims arising under or by virtue of said contract of any modifications or change thereof except with respect to those claims, if any, listed below: (itemize claims and amounts)
> NONE
>
> DATE: 02/28/2006 s/ J. Dube Putz

App. 90

35. The release was executed by Mr. Putz pursuant to the final payment clause in the contract, FAR 52.232-5(h), which provided that the Government would furnish final payment after Todd presented a "release of all claims against the Government arising by virtue of this contract, other than claims, in stated amounts, that the Contractor has specifically excepted from the operation of the release." App. 519-21.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

OF COUNSEL:
Henry R. Richmond
Trial Attorney
U.S. Army Corps of Engineers
Savannah District
100 West Oglethorpe
PO Box 889
Savannah, GA 31402

s/ Sean B. McNamara
SEAN B. McNAMARA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L. Street, N.W.
Washington, DC 20530
Tele: (202) 305-7573
Fax: (202) 514-8624

February 2, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of February, 2007, a copy of the foregoing "DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Sean B. McNamara